The Rogers Locomotive and Machine Works *v.* Albert Kelley et al., Respondents; Orrin A. Bills et al., Appellants.

Defendant, the N. O. St. L. & C. R. Co., deposited in the hands of defendants K. & A., brokers in New York city, $25,000 to meet interest coupons falling due on certain bonds, the payment of which it had assumed, receiving a receipt therefor which stated that the money was received "in trust to apply the same to an equal amount of the coupons * * * in the order in which said coupons shall be presented to us for payment after having been duly identified; * * * the said money not to be subject to the control of said company otherwise than for the payment of said coupons." This money was placed by K. & A. to the credit of "coupon trust account" on their books. After a portion of this fund had been paid out, C., as sheriff, levied an attachment, issued in an action against said corporation, upon the balance. In an action to determine the effect of the levy under the attachment, *held*, that the transaction between the corporation and said broker was an absolute and irrevocable appropriation of the fund for the purpose specified ; that the corporation parted with all control inconsistent with the trust declared

in the receipt, and had no remaining interest subject to attachment, save it might be to any unexpended balance remaining after payment of the coupons; and this, although the coupons had not been presented when the attachment was levied, and the existence of the trust was not known to the holders; that notice to or assent of the creditors to be benefited was not essential to the completeness of such trust.

*Kelly* v. *Roberts* (40 N. Y. 432), *A. N. Bank* v. *F. N. Bank* (46 id. 82) distinguished.

*Rogers L. & M. Works* v. *Kelly et al.* (19 Hun, 399) reversed.

(Argued February 8, 1882; decided February 28, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made December 30, 1879, which reversed a judgment, entered upon the report of a referee. (Reported below, 19 Hun, 399.)

This action was brought by plaintiff as the holder of certain interest coupons upon bonds issued by the Mississippi Railroad Company to compel the defendants, Kelley & Alexander, to pay over moneys alleged to have been deposited with them by defendants, the New Orleans and Chicago Railroad Company, in trust, to pay said coupons. The facts material to the questions discussed appear in the opinion.

*Artemas H. Holmes* for appellant. The balance of $13,-148.06 in the hands of Kelly and Alexander was attachable. (*Kelley* v. *Roberts,* 40 N. Y. 432; *Kelly* v. *Babcock,* 49 id. 318; *Ætna Nat. Bk.* v. *Fourth Nat. Bk.,* 46 id. 82; *Simson* v. *Brown,* 68 id. 355; *Pardee* v. *Treat,* 82 id. 385.) The levy of the warrant was a revocation by the railroad company of the terms and conditions of the deposit. (*Jordan* v. *Nat. Shoe & Leather Bk.,* 74 N. Y. 467.)

*Wheeler H. Peckham* for respondents. The deposit of the money on the terms expressed made Kelly & Alexander trustees of the coupon holders. They were bound to pay such coupons on presentation, and if they refused, would be liable to an action by the coupon holders, and neither Rodney nor the

railway company could revoke the trust. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Burr* v. *Beers*, 24 id. 178; *Torp* v. *Coal Co.*, 48 id. 253; *Claflin* v. *Ostrom*, 54 id. 581; *Arnold* v. *Nichols*, 64 id. 119; *Melvain* v. *Lomes*, 21 N. Y. Sup. Ct. 21; *Martin* v. *Funk*, 75 N. Y. 134; 7 Cent. L. J. 462; *Matter of Le Blanc*, 21 N. Y. Sup. Ct. 9; *Chapman* v. *White*, 6 N. Y. 412.) The payment of May 1, 1875, to Kelly & Alexander of $25,000 on the terms stated in the receipt, passed the title to them in trust for the coupon holders in the receipt described. (*Nichol* v. *Mumford*, 4 Johns. Ch. 528; *Cunningham* v. *Freeborn*, 1 Edw. Ch. 263; 11 Wend. 249, 250; *North* v. *Turner*, 9 S. & R. 227; *Brooks* v. *Marbury*, 11 Wheat. 78–97; *Halsey* v. *Whitney*, 4 Mason, 207–214; 2 Kent's Com. 533, and note; Burrill on Assignments, §§ 125, 284, 286.) A power of revocation is not an interest subject to attachment, it is a mere power which cannot be attached and which a court of equity will not compel the holder to execute. (*Jones* v. *Clifton*, 7 Cent. L. J. 89, 92, 93.)

Andrews, Ch. J. By the judgment in this action, the defendants Kelly & Alexander were required to pay to the defendant Connor, sheriff, etc., the sum of $13,148.06, to be by him applied upon a judgment recovered by the defendant Bills against the New Orleans, St. Louis and Chicago Railway Company, also a defendant in the action. The claim of the sheriff to the money is founded upon an attachment issued April 30, 1875, in an action by Bills against the railroad company, and which on the following day was levied by the sheriff on $13,148.06 in the hands of Kelly & Alexander, claimed by the sheriff as the property of the corporation, and subject to levy under the attachment. The defendants Kelly & Alexander have appealed from the judgment and the respective rights of the sheriff, and Kelly & Alexander depend upon the following facts: The New Orleans, St. Louis and Chicago Railroad Company was created by the consolidation of the New Orleans, Jackson and Great Northern Railroad Company and the Mississippi Central Railroad Company, and had assumed

the payment of the mortgage bonds of the latter road. On the first day of May, 1875, one Rodney, the assistant treasurer of the defendant corporation, deposited with the firm of Kelly & Alexander, bankers in the city of New York, $25,000, to meet interest coupons on the bonds of the Mississippi Central Railroad Company, payable in that city and falling due on that day, taking from Kelly & Alexander a receipt in the following words: "Received, New York, May 1, 1875, from J. M. C. Rodney, twenty-five thousand ($25,000) dollars in trust, to apply the same to an equal amount of the coupons of the first mortgage bonds and consolidated mortgage bonds of the Mississippi Central Railroad Company, in the order in which such coupons shall be presented to us for payment, after having been duly identified for payment at our office by stamp impressed thereon, the said money not to be subject to the control of said company, otherwise than for the payment of said coupons as above described. (Signed) Kelly & Alexander." The money so deposited was a part of $55,000 raised by the corporation defendant for the express purpose of paying the coupons on the bonds mentioned, and when received, was placed by Kelly & Alexander to the credit of "coupon trust account" on their books. On the morning of May 1, 1875, Kelly and Alexander paid coupons duly stamped by the New Orleans, St. Louis and Chicago Railroad Company of the description mentioned in the receipt, to the amount of $11,851.94, when the sheriff levied the attachment upon the balance of the $25,000 then remaining in their hands, being the sum of $13,148.06. Within a few days thereafter, Kelly and Alexander, not regarding the attachment, paid out the balance of the fund remaining in their hands when the attachment was levied, in satisfaction of other coupons of the Mississippi Central Railroad Company duly presented and identified. The question is, whether the attachment bound the $13,148.06, part of the $25,000 deposited with Kelly & Alexander by Rodney, and levied upon by the sheriff, so that payments thereafter made by them in accordance with the terms of the receipt, and charged to said fund, were wrongful and a violation of the rights of the attach-

ing creditor.   The question turns upon the true construction of the transaction between Rodney and Kelly & Alexander. If that transaction was an absolute and irrevocable appropriation by the New Orleans, St. Louis and Chicago Railroad Company of the fund deposited, for the uses mentioned in the receipt, then plainly the corporation had no remaining interest therein subject to attachment.   If on the other hand, the fund, when deposited, remained the property of the corporation, and the direction to pay the coupons was a mere revocable mandate, creating an agency only and not a trust, the right of the sheriff to the fund cannot be denied.   If the transaction was of the latter character, the attachment bound the interest of the corporation, and the subsequent payments by Kelly & Alexander were in their own wrong.   We think the transaction was of the former and not of the latter character.   The intention of the corporation to devote the fund deposited with Kelly & Alexander, exclusively to the payment of the coupons, and to place it in their hands as trustees for that purpose, is clearly indicated in the receipt, and the application of the fund for paying the coupons, was in precise accordance with the purpose for which it was raised. The receipt recited the trust, and Kelly & Alexander, by their acceptance, bound themselves to perform it.   The corporation parted with all control of the fund, inconsistent with the trust declared in the receipt.   The possession was transferred to the trustees, subject only to the restriction that they should pay the coupons in the order of presentation after identification by the corporation.   The provision for identification was a reasonable precaution against mistake or fraud.   On the deposit being made, Kelly & Alexander became vested with the title to the fund for the purposes of the trust.   It was not essential to the completeness of the trust that the creditors to be benefited should have been notified, or should have assented to it.   (*Martin* v. *Funk, Adm'r*, 75 N. Y. 134, and cases cited.) If Kelly & Alexander had refused to pay coupons according to the terms of the receipt, the performance of the trust could have been compelled, upon the application of the holders.   If

the creditors refused to assent to the trust, or if their debts were otherwise satisfied, a trust would result to the corporation in respect to the unexpended balance in the hands of the trustees. But so long as the trust was continuing, the sheriff's right, under the attachment, if any, was subordinate to the rights of the holders of coupons to have the fund applied to their liquidation, although the coupons had not been presented when the attachment was levied, and the existence of the trust was not then known to the holders. The coupon holders were creditors of the company. The fund in question was raised to pay the coupons. The corporation had a right to make the arrangement in question to prevent a default in meeting the interest on its bonds, and the arrangement made was, we think, effectual in law, as against the claims of other creditors. The case of *Martin* v. *Funk, Adm'r,* supports the conclusion we have reached, that the transaction now in question constituted a valid trust in Kelly & Alexander for the purposes declared in the receipt. The case of *Kelly* v. *Roberts* (40 N. Y. 432) was the case of a mere revocable direction. There was, in that case, no trust, and the party giving the direction had not parted with his title. The case of *The Ætna National Bank* v. *The Fourth National Bank* (46 N. Y. 82) was also the case of a direction merely, and proceeded upon special circumstances fully disclosed in the opinion. It follows that Kelly & Alexander were justified in disposing of the fund in accordance with the trust, notwithstanding the levy of the attachment.

There is no ground for the suggestion that Kelly & Alexander applied any part of the $25,000 to their own use; the referee expressly found that they paid out, on coupons, the entire deposit of May 1, 1875. They applied a portion of a subsequent deposit of May 3, 1875, upon a debt of the company to them. That deposit was not attached and it was properly conceded by the counsel of the sheriff on the trial, that he had no claim upon it. It is unimportant, therefore, to consider whether that application was authorized. The parties to this appeal have no interest in the question.

We have assumed that Rodney, in making the deposit of

May 1, 1875, and in taking the receipt, represented the New Orleans, St. Louis and Chicago Railroad Company. He was the assistant treasurer. The money deposited was the money of the company. The coupons to be paid were debts of the company. The coupons first paid were stamped at the company's office "paid by Kelly & Alexander," and Kelly & Alexander rendered to the company an account of the deposit of May 1, 1875. The evidence is, we think, conclusive, that the deposit was made by the company, and that in making the arrangement with Kelly & Alexander, Rodney was acting as its agent.

The order of the General Term should be affirmed and judgment absolute rendered for the defendants, Kelly & Alexander, on the stipulation.

All concur.

Order affirmed and judgment accordingly.