### McGRATH v. CARNEGIE TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. January 21, 1916.)

1. APPEAL AND ERROR ⬥⟿14—RIGHT OF APPEAL—FORMER APPEALS.

After defendant has appealed to the Appellate Division from the judgment of the Special Term, so far as it awarded plaintiff anything, and so far as it held plaintiff's claim to be a preferred one, and the judgment of Appellate Division, modifying that of the Special Term, to the extent of holding the claim was not a preferred one, has been affirmed by the Court of Appeals, on appeal by both parties, plaintiff may appeal from so much of the judgment of the Special Term as denied him recovery for the full amount sued for; time therefor not having expired, he having done nothing which could be held a waiver of his right of appeal; and the question of his right to recover the full amount not being one which could have been considered on his appeal to the Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 48–57; Dec. Dig. ⬥⟿14.]

2. TRUSTS ⬥⟿374—DEPOSITORY OF COLLATERAL—RIGHTS OF HOLDER OF SECURED NOTE.

M. borrowed $140,000 on its notes of N., and the proceeds were deposited with C., with which to buy stock, and hold them as security for N. After M. had paid $16,000, which was credited on the notes, they were assigned to plaintiff. *Held* that, though C. did not buy the stocks, but misapplied the funds, and though it was insolvent, yet plaintiff, being entitled to

recover of C. only as a simple creditor, was entitled to judgment only for $124,000.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 607–612; Dec. Dig. ⊂⇒374.]

Laughlin, J., dissenting in part.

Appeal from Special Term, New York County.

Action by John M. McGrath against the Carnegie Trust Company and another. From part of the judgment, entered on a decision after trial, plaintiff appeals. Affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Herbert Parsons, of New York City, for appellant.
Joseph A. Kellogg, of Glens Falls, for respondents.

PAGE, J. [1] The plaintiff brought an action for $140,000, and recovered judgment for $124,000, with interest, as a preferred claim. An appeal was taken to this court, and the judgment was modified to allow the plaintiff to recover as an unpreferred creditor. 167 App. Div. 32, 152 N. Y. Supp. 537. Both parties appealed to the Court of Appeals; the plaintiff appealing from so much of the judgment as modifies or orders the modification of the judgment as theretofore entered. The Court of Appeals affirmed. 215 N. Y. 733, 109 N. E. 1083.

The plaintiff's time never having been limited by the service of a copy of the judgment with notice of entry, he now appeals from so much of the judgment as fails to allow the claim of the plaintiff for $140,000, instead of $124,000. I am of the opinion that this appeal can be maintained. The subject-matter of this appeal could not be considered on plaintiff's appeal to the Court of Appeals, because he had not appealed from the judgment of this court. He has accepted no benefit of the judgment, nor done anything that could be held as a waiver of the right to appeal. A very similar case (Monnett v. Merz, 17 N. Y. Supp. 380), was decided by the General Term of the Superior Court, and affirmed without opinion in the Court of Appeals (131 N. Y. 646, 30 N. E. 866). That case was tried before a referee, who reduced plaintiff's claim, but awarded judgment for plaintiff. Defendant appealed, and judgment was affirmed, and plaintiff entered judgment of affirmance. Defendant again appealed to the Court of Appeals, and judgment was affirmed, with slight modification. Judgment was then finally entered and paid in full. Plaintiff then took an appeal for the purpose of reviewing the action of the referee in reducing his claim. On motion to dismiss the appeal it was held that the acceptance of payment of judgment for a less amount was not inconsistent with plaintiff's right to appeal for the purpose of increasing the amount; and, it not appearing that plaintiff's time to appeal had expired, he could not be deprived of the right to review the action of the referee in reducing his claim.

[2] Upon the merits of the appeal, in my opinion, the judgment should be sustained. C. A. Moore, Jr., and the Merchants' & Manu-

facturers' Securities Company each delivered to the Nineteenth Ward Bank a demand promissory note for $70,000, with interest at 6 per cent., and the proceeds were deposited with the Carnegie Trust Company, which agreed to use the amount so deposited to purchase stock of the Carnegie Trust Company, Nineteenth Ward Bank, and Twelfth Ward Bank at prices specified in the letter evidencing the agreement. The Carnegie Trust Company further agreed to hold the above collaterals so purchased in trust for the Nineteenth Ward Bank, or any trustee named by it, whatever part of the above amount was not employed in the purchase of the above stocks to be subject to the order of the Nineteenth Ward Bank. No part of this money was used to purchase said stocks. Thereafter, pursuant to an order of the superintendent of banks, $16,000 was paid by the Merchants' & Manufacturers' Security Company to the Nineteenth Ward Bank, and in equal amounts applied to the reduction of each of said notes. Thereafter the said notes by mesne assignments became vested in the plaintiff, who brought this action as above stated. It has been determined that the Carnegie Trust Company received the $140,000 under the trust set forth in the letter above mentioned to hold the fund or the stock as security for the payment of the notes, but that the trust was not of such a character as to give the plaintiff a right to preference over other creditors. Madiison Trust Co. v. Carnegie Trust Co., 167 App. Div. 15, 152 N. Y. Supp. 517; 215 N. Y. 483, 109 N. E. 580. The sole question involved in this appeal is whether the court below erred in refusing to allow the plaintiff's claim in the entirety for $140,000, and in finding that the plaintiff could only recover the amount of the debt due him on the notes, to wit, $124,000.

A case on all fours with the instant case it would be difficult to find, for the reason that cash is rarely deposited as collateral security for payment of a loan, and it was not the intention of the parties to this agreement that it should be done, but stocks were to be purchased and held by the Carnegie Trust Company as collateral security. There was no provision in the agreement between the plaintiff's assignor and the trust company as to what should be done in case of default. Ordinarily the securities are pledged with the lender, and on default he reduces the securities to cash, pays the loan, and, if there is a surplus, pays it over to the pledgor. In this case the security for the loan is deposited in the hands of a third person, and, being in the form of cash, we may reason by analogy and treat it on the supposition that the stock had been sold and the $140,000 was held by the Carnegie Trust Company as the avails thereof. In such case the lender could only recover from the depository the amount of the debt for the payment of which the security was pledged, and the depository would be liable to the owner of the collateral for any surplus remaining. I am therefore of the opinion that the plaintiff can only recover the $124,000 that was due on the notes. The fact that the Carnegie Trust Company is insolvent, and that for that reason the amount of the debt should be increased in order that the dividends may more nearly pay the amount of the debt, is an argument that the plaintiff should be to

that extent granted a preference, a right to which it has been finally adjudicated he is not entitled.

The judgment should be affirmed, with costs.   Order filed.

CLARKE, P. J., and McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting).   I am in accord with the views of the majority of the court to the effect that the plaintiff was not precluded by the former appeal herein from asserting the claim which he now presents; but I am of opinion that his claim is well founded, and that he was entitled to have it established for $140,000, the entire amount of the trust fund which the Carnegie Trust Company held in trust for the Nineteenth Ward Bank, as security for the payment of the notes which that bank transferred to the plaintiff, who thereby succeeded to the rights of the Nineteenth Ward Bank with respect to the security of the trust fund.   While any part of the notes remained unpaid, the cause of action therefor for this trust fund vested in the plaintiff, and if he should recover any surplus over and above the amount due to him on the notes, of course he would hold it as trustee for the makers of the notes.   I know of no precedent for the decision about to be made, which, as I view it, in effect holds that collateral security is released to the extent of any payment on the indebtedness for which it is held as security, and that the cause of action for the collateral thus released thereby becomes vested in the pledgor, for manifestly it is no concern of the Carnegie Trust Company that a payment of $16,000 was made on the notes by the makers.   It is conceded that the equitable cause of action which the Nineteenth Ward Bank, as cestui que trust, had against the Carnegie Trust Company, as trustee, became vested in the plaintiff as security for the notes transferred to him.   The majority opinion, as I understand it, proceeds upon the theory that, in so far as the makers have made payments on the notes, the cause of action against the trustee has passed to them.

Manifestly, if the makers had received the proceeds of the discount of the notes, and had delivered to the Nineteenth Ward Bank Securities as collateral, the bank would be entitled to hold those securities until the last cent owing on the notes was paid.   If, instead of delivering collateral to the bank, it had been delivered to a third party as trustee for the benefit of the bank as holder of the notes, the rule would be the same, and the cause of action against the trustee to reduce the collateral to possession would vest in the bank on default in payment of the notes.   That is, in legal effect, this case; the only difference being that here, instead of other collateral being delivered to the trustee, the entire proceeds of the discount of the notes was delivered to the trustee, and it is manifest, I think, that the trustee held the entire amount for the benefit of the holder of the notes until the payment of the entire indebtedness thereon.   The payment of part of the indebtedness by the makers merely reduces their liability, but the security, namely, the original proceeds of the notes, and the cause of action against the trustee therefor, stand as security for the payment of the notes in full, and the makers can recover no part thereof, either from

the Carnegie Trust Company or the plaintiff as the holder of the notes, until the entire indebtedness is paid.

I therefore vote for reversal, and for the modification of the judgment in accordance with these views.