WILLARD F. TRUBY, Plaintiff, *v.* M. & T. TRUST COMPANY, as Trustee, Defendant.

Supreme Court, Erie County, September 4, 1931.

*Albrecht, Maguire & Mills,* for the plaintiff.

*Locke, Babcock, Hollister & Brown,* for the defendant.

MACGREGOR, J. On April 1, 1930, the Genesee Gravel Pits, Inc., a domestic corporation, executed and delivered a mortgage or deed of trust to the M. & T. Trust Company, as trustee, to secure an issue of six per cent ten-year gold bonds in an aggregate principal sum not exceeding $65,000.

The 5th article of the mortgage or deed of trust provides: " The Company covenants and agrees to pay to the Trustee quarterly yearly, commencing July 1, 1930, an amount equal to the sum of five cents per ton on each ton of sand and/or gravel excavated and shipped from the above described mortgaged property, but such payments shall be made on not less than One hundred thousand (100,000) tons, whether excavated and shipped or not, each and every year until the payment in full of the said bonds secured by said mortgage, with interest, provided that payments on any tonnage of sand and/or gravel not excavated and shipped in any year shall be credited against materials subsequently excavated and shipped in excess of said minimum quantity of One hundred thousand (100,000) tons in any year. *The sums so paid shall be held by the trustee as a sinking fund and used by it from time to time, and at least annually, for the payment and retirement of said bonds pro tanto in the manner and upon the terms provided for the redemption of bonds in Article Fourth of this indenture.*"

Article 4 provides: " The Company hereby expressly reserves the right to pay and redeem all bonds or any part thereof on any interest day upon thirty days' notice at the par value thereof,

plus accrued interest. Notice of call shall be given by the Trustee by publication in a daily newspaper published in the City of Buffalo, twice previous to the call date, the first publication being at least thirty days prior to the call date and the last at least seven days prior thereto, and by registered mail to the registered owners of any registered bonds called, at least 10 days prior to the date of call. Interest on bonds called shall cease on the call date named in the notice. If only part of the outstanding bonds are to be redeemed the bonds to be redeemed shall be determined by lot under the direction of the Trustee in any usual manner approved by it."

It appears that in compliance with the provisions of the 5th article the mortgagor paid various sums of money to the trustee which were placed in the sinking fund and that some time prior to April 1, 1931, the amount in the sinking fund amounted to $4,250. Some time prior to that date the trustee in accordance with the provisions requiring the application of the moneys in the fund to the payment and retirement of bonds at least annually, and in accordance with the method of determining by lot the particular bonds to be retired, proceeded to such determination.

Certain bonds were drawn including two owned by the plaintiff in this action. Due notice was given to the holders that said bonds would be paid on the 1st day of April, 1931, and that after said date the interest on such bonds would cease.

On April 1, 1931, which was a due date as to interest upon all of the bonds issued under the mortgage, the mortgagor defaulted.

The plaintiff duly presented the bonds owned by him which had been duly drawn by lot and as to which he had received due notice, but upon presentation the trustee declined to redeem them upon the ground that prior to the presentation of the bonds for payment the mortgagor had defaulted and that the moneys in the sinking fund should be used to pay the defaulted interest upon the entire series of bonds.

The plaintiff asks, in which request the trust company joins, that this court determine the rights of the owners of the drawn bonds under the facts stated.

In the determination of the question involved consideration should be given to the rights and interests of the holders of the bonds that were not drawn and which are in default. The thought that comes first to the mind is that it is rather inequitable that some of the holders of certain bonds should be paid and that those who hold other bonds of the same issue be required to look to the proceeds of a foreclosure to recover perhaps little or none of the money paid by them for their bonds. Further consideration, however, leads to the conclusion that they purchased the bonds

with full knowledge of the conditions of the mortgage and, therefore, they are not in a position to complain of the better luck of those who were fortunate enough to own the bonds that were drawn. The bondholders all entered into the arrangement that for every ton of sand or gravel sold five cents was to be deposited in the fund to be used for the redemption of those particular bonds that fate destined to be drawn in the lottery. The agreement provided that the funds were to be used for a specific purpose. There was no agreement that if the interest was not paid upon the other bonds the sinking fund could be used to pay the interest. The trustee has no right to divert the funds because some one may regret the bargain. Under the terms of the mortgage or deed of trust, the moneys deposited ceased to be the property of the corporation and became a trust fund for the benefit of the fortunate bondholders and no one else has a right to them.

Creditors of the corporation have no claim upon the fund. There can be no claim of preference of one creditor over another except as between the holders of bonds and such a preference, if any, was assented to by those who purchased the bonds. (*Equitable Trust Co.* v. *Green Star. S. S. Corporation,* 291 Fed. 650; *Rogers Locomotive, etc., Works* v. *Kelley,* 88 N. Y. 234; *Holland Trust Co.* v. *Sutherland,* 177 id. 327; *Babcock P. P. Mfg. Co.* v. *Ranous,* 164 id. 440.)

I, therefore, come to the conclusion that the sinking fund should be used for the payment, with interest, of those bonds that were drawn by lot in accordance with the terms of the mortgage or deed of trust.

Findings and judgment may be drawn accordingly.