In the Matter of ARCADIA TRUST COMPANY, in Liquidation.

In the Matter of the Application of THE SUPERINTENDENT OF BANKS for an Order Authorizing the Payment of a First Dividend to Creditors Whose Claims Have Been Filed and Accepted, and on Accounts Payable Accepted Appearing on the Books of ARCADIA TRUST COMPANY OF NEWARK, NEW YORK; for the Approval of Offsets; for the Disposition of Claims Which May Be Entitled to Priority of Payment; and for Such Other and Further Relief as May Be Had under the Banking Law of the State of New York.

ARCADIA TRUST COMPANY, in Liquidation, Acting through JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Appellant; AUGUST MAUER POST, AMERICAN LEGION, and Others, Respondents.

Fourth Department, January 24, 1934.

*Charles P. Williams*, for the appellant.

*Lewis A. Gilbert*, for the respondents August Mauer Post, American Legion, and others.

*Williams & Wright* [*C. Stanley Wright* of counsel], for the respondent Martha J. Johnkoski.

*Charles H. Herrick*, for the respondents Hattie P. Leggett and another.

*J. Stanley Albright*, for the respondents Lamoka Power Corporation and another.

THOMPSON, J. This is an appeal from a final order determining that certain personal trust accounts in appellant, Arcadia Trust Company, in liquidation, are entitled to priority of payment, and we reach the conclusion that the preferences granted are authorized by subdivision 8 of section 188 of the Banking Law.

When the bank closed its doors, it had assets in the sum of $3,564,989.37, of which $13,131.51 was in cash. The total of the claims in suit which have been allowed by the referee is $16,002.78. The books of the trust department as of the date of the closing of business showed cash credits in the various trust accounts in suit in the exact amounts in which priority of their payment has been directed by the order. The cash balances in each case were held on deposit by the Arcadia Trust Company in its own name. (Banking Law, § 188, subd. 7.)

The claims in suit, with the exception of that of the Lamoka Power Corporation, are upon the customary personal investment trust accounts, which the trust company agreed to hold in trust, keep invested and reinvested and collect and pay over income at stated intervals, less fees.

By authority of subdivision 7 of section 188 of the Banking Law, as amended by chapter 385 of the Laws of 1917, the trust company had the right to deposit with itself in its own name the moneys of these funds " awaiting investment or distribution." It appears that the trust company had invested nearly the entire amount of the funds of all but one of the trusts in securities, and that the Superintendent of Banks has rendered them to the persons entitled to them. We take it as established that the funds that the trust company deposited with itself in each of these trusts are of the character of those which the law permits the trustee to deposit with itself, in pursuance of the statute mentioned.

We hold that by fair intendment personal trusts are entitled to priority under subdivisions 7 and 8 of section 188 of the Banking Law. Trust companies have express authority to take, accept and execute trusts confided to them by any court or by any person. (Banking Law, § 185, subd. 7.) Subdivision 7 of section 188 of the Banking Law provides that all investments of money received by " any such corporation * * * as * * * personal or testamentary trustee, * * *." In subdivision 8 of the same section we find it provided: " If * * * liquidated by the superintendent of banks or otherwise, the debts from such corporation as * * * trustee * * * shall be entitled to priority of payment." As we interpret this subdivision, the words " such corporation " refer to the corporation mentioned in the preceding subdivision, and in the use of the word " trustee," it is

our opinion that the Legislature referred to the trustee mentioned in that subdivision which was a "personal or testamentary" trustee. If this be correct, the claims are entitled to priority of payment under the statute. The determination that we have reached is not in conflict with the holding in *Madison Trust Co.* v. *Carnegie Trust Co.* (215 N. Y. 475), in which it was decided that voluntary trusts were not entitled to priority of payment under the Banking Law as it existed at the time that case arose. (Laws of 1909, chap. 10, § 190.) The statute which the court construed in that case was that of 1909, which provided that "the debts due from the corporation as such * * * trustee * * * shall have the preference." The trustee contemplated by the section as it then stood was one appointed by the court, which, if it were an individual, would be required to give security. (*Madison Trust Co.* v. *Carnegie Trust Co.*, 167 App. Div. 4, 18; affd. and appd., 215 N. Y. 475, 486.) The section contained no words from which it could be inferred that a trustee of a voluntary trust was included. In the amendment of the law by chapter 369 of the Laws of 1914, section 190 was succeeded by subdivisions 6, 7 and 8 of section 188, in part taken from it, but with certain additions. Thus in subdivision 7 we find a new provision "*personal or* testamentary trustee;" in subdivision 8 we find the words "the debts from *such* corporation," in substitution for the words "the debts due from the corporation" in the old law, and the omission of the word "such" as applied to "trustee." To define the character of the trusts to which priority of payment may be granted subdivision 8 refers to subdivision 7. Subdivision 7 includes personal trusts. Together the sections denote a clear legislative intention that such trusts should be entitled to priority of payment.

We find a different situation in reference to the claim of the Lamoka Power Corporation. The trust company was the registrar of bonds issued by the power company, and under a definite arrangement accepted the fund in suit, which amounted to $825, for the sole and specific purpose of paying coupons about to become due on the bonds, and by their terms payable at the office of the trust company. At once the fund went into an account set apart, conditioned upon and charged with that purpose. Lamoka Power Corporation "provided a fund for the payment of" a specific obligation. "The bank set it aside and engaged to apply it for that purpose. ' As to it, the bank was bailee or trustee.'" (CROUCH, J., in *Shawmut Corp.* v. *Bobrick Sales Corp.*, 260 N. Y. 499, 505; *Genesee Wesleyan Seminary* v. *U. S. F. & G. Co.*, 247 id. 52; *People* v. *City Bank of Rochester*, 96 id. 32.) The money remained the property of the Lamoka Power Corporation, although merged with the funds

of the bank. The commingling of such fund with the general funds of the bank did not give the bank title to the fund or deprive the Lamoka Power Corporation of its ownership. (*Importers & T. Nat. Bank* v. *Peters*, 123 N. Y. 272; *Blair* v. *Hill*, 50 App. Div. 33; affd., 165 N. Y. 672; *Lafort* v. *Carpenter*, 91 Hun, 76; affd., 154 N. Y. 757.) In such circumstances the Banking Law has no application. " Here we deal, not with the assets of the bank, but with specific property title to which never vested in the bank. As to such property, the sections [Banking Law, §§ 71–76] are inapplicable." (*Matter of International Milling Co.*, 259 N. Y. 77, 84, 85.)

In accordance with these views, the order should be affirmed, with costs of this appeal to each respondent.

All concur, except CROSBY, J., who dissents and votes for reversal of the order on the law except in so far as it relates to the claim of Lamoka Power Corporation, and as to that claim concurs, on the ground that preferences of private voluntary trusts are not intended by the legislative enactment of subdivision 8 of section 188 of the Banking Law.

Order affirmed, with costs to each respondent appearing by separate attorney and filing brief.