Fred Schneider et al., Plaintiffs, *v.* National City Bank of New York, Defendant.

Supreme Court, Trial Term, New York County, June 22, 1943.

Louis Boehm and Paul E. Kern for plaintiffs.

Lester Kissel for defendant.

NULL, J. The remittances made by the City of Rome were denominated by it as " payments " to the fiscal agents and as amounts " placed " at their disposal. The first of these was made to the defendant which promptly paid over one half of the amount to J. P. Morgan & Co., the other fiscal agent. The subsequent remittances were made to J. P. Morgan & Co., which in turn paid over one half to the defendant. The payments by J. P. Morgan & Co. to the defendant were accompanied by letters stating that they constituted " your one-half of funds received today for your use." To the City of Rome, J. P. Morgan & Co. acknowledged that it had " paid to the National City Bank, as Joint Fiscal Agents, their one-half of these funds." To the obligor and the fiscal agents, alike, the remittances on account of interest were payments and not moneys to be carried on deposit.

The evidence in other respects does not bear out plaintiffs' contention that the relationship between the defendant and the the City of Rome was one of banker and depositor and hence, one of debtor and creditor. The funds were handled in the trust department of the defendant. All the remittances included the commissions of the fiscal agents on the entire amount without regard or reference as to how much the fiscal agents actually paid out. The moneys received by the defendant were carried in a separate account and were applied solely to the payment of the maturing interest coupons. The City of Rome never drew on that account and never made any deposit of moneys into it. For the thirteen years of the defendant's fiscal agency, no part of the fund or balance accumulated by virtue of the unpaid matured interest coupons was paid to the City of Rome nor was there any demand made for such payment. The City of Rome did not even request the repayment of unearned commissions. The dealings of the City of Rome with its fiscal agents and the fiscal agents with each other point to a course of conduct which is not consonant with the practices commonly employed between a bank and its depositor. They are indicative, rather, of a relationship in which the quondam depositor has wholly divested

itself of funds by payment of the same into its bank for the discharge and liquidation of an acknowledged obligation.

I am of the opinion that the holding in the case of *Nacional Financiera, S. A.* v. *Speyer* (261 App. Div. 599) was intended to be restricted to its own facts. Other than that it was concerned with a balance in an interest coupon account, the facts in the *Nacional* case have little in common with the facts in the instant action. Nor can I subscribe to the contention that the *Nacional* case intended a distinction between a balance remaining in an interest coupon account, *per se,* and a balance remaining in a sinking-fund account. Such distinction has hitherto been made, but the decision in the case of *Brown* v. *McCain* (263 App. Div. 948) would indicate that the Appellate Division in this Department has found no warrant in principle for such distinction. While it is not every deposit of funds applicable to a special purpose which will invoke the trust relationship, it will by no means exclude it, if from the words and conduct of the parties it definitely appears that such was the intent and objective of the parties affected. It is not the designation of the fund nor the purpose to which it is to be devoted which constitutes the criterion of the legal obligation created thereby. It is the actual relationship of the parties, derived from their words and conduct, which must govern the nature and extent of the liability. (*Rogers Locomotive Works* v. *Kelley,* 88 N. Y. 234.)

There is no fundamental difference between the case at bar and *Brown* v. *McCain* (*supra*). In the latter case, the provisions of the contract granting discretion to the fiscal agent to represent the bondholders neither added to nor detracted from the trust obligation already existent. The obligations arising from the trust relationship are created by law. The rights and duties thereby imposed are not subject to defeasance at the option of the trustee. Similarly, that the designation of the fiscal agent may not be irrevocable is not a point of difference. The capacity to revoke the designation may subject the trust and the trustee to limitation in point of time. It cannot, however, alter the duties and obligations of the relationship so long as the relationship continues to exist.

It is my conclusion that the funds sought to be attached are trust funds irrevocably set aside for the benefit of the holders of the unpaid interest coupons which have matured prior to and including April 1, 1940. The City of Rome parted with all control over these moneys after they were paid to the defendant. It has no right to them over and against the interest of the holders of the unpaid matured interest coupons. The fund in

question is not subject to plaintiffs' warrant of attachment. Judgment is directed for the defendant.

Plaintiffs' motion to exclude the latter part of paragraph XXIII of the so-called stipulation, setting forth the price ranges of the bonds, is granted. Defendant's motion to exclude plaintiffs' Exhibits 20, 23, 24 and 25 is denied.

In view of this determination, it is unnecessary to pass upon the other points raised by the defendant. Plaintiffs may have thirty days' stay and sixty days to make a case.