Keister *et al. v.* Myers.

No. 13,267.

KEISTER ET AL. *v.* MYERS.

MORTGAGE.—*Mistake.*—*Mutuality.*—*Reformation.*—*Complaint.*—Where a complaint seeking the reformation of a mortgage alleges that the mortgagors agreed to convey the whole of a certain tract of land as security for the debt, and that both parties intended that the entire tract should be included in the mortgage, but that by the mistake of the scrivener the description written in the mortgage covered only a part of the tract, a mutual mistake is sufficiently shown.

SAME.—*Parties.*—*Assignment.*—Where a mortgage has been assigned by the mortgagee, the latter is not a necessary or proper party to a suit by the assignee to secure its reformation.

SAME.—*Estoppel.*—Where a party accepts a mortgage, believing that all the land agreed to be covered by the mortgage is included in the description, the mortgagor is estopped to assert that he intentionally brought about or silently acquiesced in the discrepancy between the instrument and the agreement.

From the Fulton Circuit Court.

*M. R. Smith, E. Myers* and *E. P. Ferris,* for appellants.
*J. Rowley* and *M. A. Baker,* for appellee.

MITCHELL, C. J.—It is charged in a complaint by Elizabeth Myers against Keister and wife, that the defendants agreed to execute a mortgage conveying the whole of a certain tract of land in Fulton county, containing forty-three and a fraction acres, as security for a debt of five hundred dollars, evidenced by a promissory note, payable by Keister to Margaret Paffenberger, with interest.

It is alleged that notwithstanding the agreement to convey the entire tract as a security, and that both parties intended at the time the mortgage was signed and delivered that it should include the whole, yet, by a mistake of the scrivener, the description of the land mortgaged was so written that only an undivided one-third of the tract was covered by the mortgage, and that the mistake was not discovered until after the note had been assigned by the payee, by written endorse-

ment thereon, to the plaintiff. Prayer for judgment on the note, and that the mortgage be reformed and foreclosed.

The court sustained a demurrer to the complaint, after which the plaintiff, with leave, and without objection, filed what purports to be an amendment to the complaint. The amendment consisted of a separate written statement, to the effect that certain designated words were to be stricken out of the complaint to which the demurrer had been sustained, and certain other words inserted in their stead.

The defendants first demurred to the amendment and afterwards to the complaint as amended. Both demurrers were in turn overruled, after which the defendants answered by a general denial, and upon the issue thus made the court found for the plaintiff.

Without seeming to sanction the anomalous method of amending a pleading adopted by the plaintiff, since the amendment was allowed by the court and treated as valid by the defendant, the case will not be reversed here because of the novel manner in which the amendment was brought about.

The appellants contend, however, that the complaint is insufficient to warrant the reformation of the mortgage, because it does not show the mutuality of the mistake complained of, within the rulings in *Allen* v. *Anderson*, 44 Ind. 395, *Baldwin* v. *Kerlin*, 46 Ind. 426, and cases of that class.

As has been seen, it was averred in the complaint that the mortgagors agreed to convey the whole tract as a security for the debt, and both parties intended at the time the transaction was consummated that the entire tract should be included in the mortgage, but by mistake of the scrivener, who presumably acted for both, the description was so written as to cover only the undivided one-third. This sufficiently disclosed a mutual mistake, within the rulings in *Baker* v. *Pyatt*, 108 Ind. 61, and *McCasland* v. *Ætna Life Ins. Co.*, 108 Ind. 130, in which what we regard as the better rule governing the subject under consideration is enunciated.

It was not necessary, in order to warrant a reformation of

the mortgage, that the mortgagee should have been made a party. After she had assigned the note by endorsement thereon she was. neither a necessary nor a proper party to the suit, since, so far as appears, all her interest in the note and mortgage had passed by the endorsement of the note to her assignee.

Courts of chancery lend their aid for the correction of mistakes in written instruments, to the original parties thereto, and to all those claiming under them in privity. *East* v. *Peden*, 108 Ind. 92, and cases cited.

As a matter of course, an instrument can not be corrected without affording parties whose rights are to be affected, or whose obligations are to be enlarged by the reformation, an opportunity to be heard. *Durham* v. *Bischof*, 47 Ind. 211.

The remaining question is whether or not the finding of the court that the mortgage ought to be reformed is sustained by the evidence.

There is no dispute but that the mortgagee loaned the money, the repayment of which was secured by the mortgage in suit, upon the express agreement that she was to have a mortgage upon the forty-acre tract, as it was called, upon which the mortgagors resided. Keister held the title to the land by two deeds, one from Sophia Lucas and her husband, which conveyed the undivided one-third, the other from Sophia Lucas, administratrix of the estate of Isaiah M. Carter, conveying the undivided two-thirds. When the parties went to the scrivener to have the mortgage prepared, Keister took. with him the deed from Mrs. Lucas and her husband, which conveyed the undivided one-third only, and the scrivener followed the description as it was written in that deed.

The latter testified that he read the mortgage over in the hearing of the parties, and that no objection was made to the description. The mortgagee accepted the mortgage, and delivered the money without having observed or understood that the mortgage covered only the undivided one-third.

She supposed that it was made in accordance with the agreement. The mortgagors did not testify one way or the other.

The point of the argument on appellants' behalf is, that the evidence entirely fails to show that the mortgagors were mistaken. On the contrary, it is said the evidence shows that they were not mistaken, but that in delivering the mortgage upon the undivided one-third of the land they did precisely what they intended.

This argument proves too much, and, therefore, it proves nothing. Without denying that they agreed to give a mortgage covering the entire tract, and that they received the mortgagee's money with knowledge that she intended to take, and supposed she was receiving, a mortgage corresponding with the agreement, the appellants say they intentionally delivered her a mortgage which only covered the undivided one-third of the land.

A party who admits that an instrument, which a court of equity is asked to reform, does not set forth the agreement as it was actually made, and as the other party believed it did, will not be heard to say that he intentionally brought about, or silently acquiesced in, the discrepancy between the instrument and the agreement as made. *Roszell* v. *Roszell,* 109 Ind. 354.

This will be regarded as an attempt merely to shift his position from that of one laboring under an innocent mistake, to that of a person deliberately intending to perpetrate a fraud. No advantage can be gained in a court of conscience by attempting such a change. A court of equity will not permit one party to take advantage and enjoy the benefit of the ignorance or mistake, either of law or fact, of the other, which he knew of and did not correct. *Hollingsworth* v. *Stone,* 90 Ind. 244; 2 Pom. Eq. Jur., section 847.

It can not be said as a matter of law that a party who accepts a mortgage with a wrong description, such as that contained in the instrument under consideration, is guilty of

such negligence as to forfeit all right to relief in a court of chancery. *Morrison* v. *Collier,* 79 Ind. 417; *Baker* v. *Pyatt, supra.*

There was no error. The judgment is affirmed, with costs.

Filed May 18, 1888; petition for a rehearing overruled June 20, 1888.