BOARD OF LEVEE COM'RS FOR YAZOO-MISSISSIPPI DELTA *v.* POWELL.

[68 South. 71.]

PUBLIC FUNDS. *Insolvency of depository. Priorities in payment.*

Under Code 1906, section 3485, providing that all money deposited in a bank or with any other depository by or for a tax collector or other officer having the custody of public funds, whether deposited in the name of the officer as an individual or as an officer, or in the name of any other person, is *prima facie* public money and a trust fund, and not liable to be taken by general creditors of the officer or by the creditors of the depository, and under Laws 1908, chapter 97, section 3, requiring banks before being entitled to receive on deposit any funds belonging to the board of commissioners for the Yazoo-Mississippi Delta, to deposit with the treasurer of such board, bonds

equivalent to fifty per cent. of the estimated maximum amount to be kept on deposit in the bank, such board, upon the failure of a bank which had fully complied with the statute, was not entitled to priority of payment from the receiver of the bank, notwithstanding the provisions of section 3, that the creating of the additional security and the acceptance of the collateral thereinbefore mentioned shall not be construed as waiving any rights, benefits, or privileges conferred by law upon the commission in the matter of recovering public moneys or trust funds from banks in which they may be deposited.

APPEAL from the chancery court of Tunica county.

HON. M. E. DENTON, Chancellor.

Suit by the board of levee commissioners for the Yazoo-Mississippi Delta against W. H. Powell, receiver of the Bank of Tunica. From a decree sustaining a demurrer to the petition, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Gary & Rice*, for appellant.

Appellant bases its claim and rights of priority on section 3 of chapter 97 of the Laws of 1908, which said section after providing the manner in which depositories must qualify for the reception of the levee board funds, adds this additional and complete sentence: "It is further provided that the creating of this additional security and the acceptance of the collateral herein before mentioned shall not be construed as waiving any rights, benefits, or privileges conferred by law upon the commission in the matter of recovering public monies or trust funds from banks in which they may be deposited." It looks like the legislature passed this law with the Potter Case before their eyes, although the Potter Case had not at that time been decided. The law goes on and creates the relation of debtor and creditor between the depositories and the levee board, as was done, so says the Potter Case, in the enactment of chapter 96 of the Laws of 1908, dealing with state depositories, and

then, instead of leaving the law in this condition, as was done in chapter 96, above, it goes further and throws appellant back on the former law, and gives appellant the benefits and protections of that section, which is section 3485 of the Code of 1906, which reads as follows: "All money deposited in bank, or with any other depository, by or for a tax collector, or other officer having the custody of public funds, state, county, municipal, or levee board, whether the same be deposited in the name of the officer as an individual or as an officer, or in the name of any other person, is *prima facie* public money and a trust fund, and is not liable to be taken by the general creditors of the officer or by the creditors of the depository."

As to what appellant's rights to priority are under this section we cite the cases of *Fogg* v. *Bank,* 80 Miss. 750; *Metcalf* v. *Bank,* 89 Miss. 649; *Bank* v. *Hardy,* 97 Miss. 755; *Green* v. *Cole,* 98 Miss. 67.

*Montgomery & Montgomery,* for appellee.

Counsel for appellant, in their brief, assert that in their opinion, the whole question in this case is whether or not the funds of the levee board which were on deposit in the Bank of Tunica at the time of its failure, were protected by section 3485 of the Code of 1906, and they concede that if they are not protected by that section, that there is no other statutory law touching on the matter and that there is no protection; for, they concede, that the common law did not recognize any right to priority. They, therefore, insist that section 3485 of the Code of 1906, is controlling in this case.

Counsel further concede that if the laws governing the levee board depository were the same as govern the state depositories, they would start out with this case already decided against them, in the case of *Potter* v. *The Fidelity & Deposit Company of Maryland,* 101 Miss.

823, and they base their claim to priority in this case upon the clause of the Act of 1908 quoted by them in their brief.

If the levee board did not have security for the money which it had on deposit in this depository, although the law provided that they should take security, then the appellant, of course, would have a prior lien for such part of its deposit as was not secured, as decided by this court in the case of *Powell* v. *Board of Supervisors of Tunica County,* 65 So. 499. But, that is not the question before the court in this appeal.

We insist that the scheme of this levee board depository law in providing for security is as follows: (1) The depository shall deposit in United States bonds, Mississippi state bonds, Yazoo-Mississippi Delta levee board bonds, bonds of a county within the levee district or bonds of a city within the levee district, to an aggregate amount of fifty per cent. of the estimated maximum amount to be kept on deposit. In other words, fiscal security to the amount of fifty per cent. of the possible deposit. (2) As further security, an indemnity bond, as in this case, with four individual sureties, to be approved by the levee board or its proper officers and that indemnity bond to be in the amount equivalent to seventy-five per cent. of the estimated amount which is to be kept on deposit. That these fiscal bonds and the indemnity bond shall stand as security to the levee board for its depository under the provision of section 3 of the Act of 1908, that the creating of this additional security and acceptance of collateral thereinbefore mentioned, shall not be construed as waiving any rights, benefits or privileges conferred by law upon the commission in the matter of recovering public moneys or trust funds in banks which they may deposit, is given as an additional protection to the board after exhausting its security, should the security for any reason be inadequate.

According to the counsel's brief, this bill is filed at the request of the sureties on the indemnity bond, though it does not appear on the face of the petition and it is not a matter to be considered by this court in the hearing of this appeal.

The petition prays that the court take over these four thousand dollars of the remaining levee board bonds and have them sold and credited on the amount of the balance due the levee board by the insolvent bank and that the levee board be given a decree fixing in its favor a prior lien upon all of the assets of this bank in the hands of the receiver for the balance. Thus absolutely releasing the bond of indemnity.

This is inequitable, unjust and unsupported by any law or any authority. *Shields* v. *Thomas,* 71 Miss. 260; *Fidelity & Guaranty Co.* v. *First State Bank of Shaw,* 103 Miss. 91; *Fogg* v. *Bank of Friars Point,* 80 Miss. 750; *Metcalf* v. *Bank,* 89 Miss. 649; *Commercial Bank* v. *Hardy,* 97 Miss. 755; *Green* v. *Cole,* 98 Miss. 67. This brings us to the two later cases of *Potter* v. *Fidelity & Deposit Co. of Maryland,* 101 Miss. 823, and *Powell* v. *Board of Supervisors of Tunica County* (Miss.), 65 So. 499.

In the *Potter Case, supra,* the following principles are announced: (a) In the absence of statutory or constitutional authority, the state, as sovereign, has no preferential rights in Mississippi. (b) State sovereignty is not involved when the question is one of priority merely. (c) Section 3485 of the Code of 1906, being in derrogation of the common law, is to be strictly construed against the state asserting a claim by virtue of that statute. (d) While section 3485 of the Code of 1906, was not repealed by the depository law and still stands as security for all deposits of public money made by any person whatever in case of the insolvency of the depository, where the deposit is not made by virtue of the depository law, still where the state disposes of its

public funds, as required by its depository laws, the relation of debtor and creditor is established between the state and the depository merely and the state must take its money in the event of the insolvency of the depository out of its security and failing in this, must share the assets *pro rata* with the other creditors.  (e) When funds are placed by the state in a depository as provided by the Laws of 1908, chapter 96, they are not trust funds within any meaning or purpose provided for by section 3485 of the Code of 1906.

We assert with confidence that there is no authority contravening the proposition that we are contending for, that where the levee board has deposited its money in a depository as provided by Laws of 1908, chapter 97, as amended by the Laws of 1910, chapter 225, that section 3485 of the Code of 1906, will not operate to prevent a preference charge on the funds secured in the depository.

REED, J., delivered the opinion of the court.

Appellant, the board of levee commissioners of the Yazoo-Mississippi Delta, filed a petition in chancery against appellee, W. H. Powell, the receiver of the Bank of Tunica, and prayed the court to decree that the levee board had a prior claim and lien upon all of the assets of the bank to enforce the payment of the balance due on funds of the board deposited in the bank.  The bank failed on April 26, 1913, and its business and affairs are being administered and settled through the chancery court of Tunica county.  The Bank of Tunica was on June 20, 1912, selected as a depository for the funds of the levee board in the amount of twelve thousand five hundred dollars.  It then fully complied with the statute (section 3, chapter 97, Laws of Mississippi of 1908) by depositing with the treasurer of the board of commissioners nine bonds of the Yazoo-Mississippi Delta levee board of the par value of one thousand dollars each as

collateral security, and filing with the treasurer an indemnifying bond, with proper sureties, in an amount equivalent to seventy-five per cent. of twelve thousand five hundred dollars, the estimated maximum amount which would be kept on deposit in the bank, and thereupon qualified and became such depository. At the time of the bank's failure, April 26, 1913, there was on deposit in the bank funds of the levee board to the amount of twelve thousand one hundred and twenty-four dollars and forty-eight cents. Appellant alleged in the petition that the funds on deposit were trust funds, being public moneys and not liable to be taken by the general creditors of the depository. From a decree by the chancellor sustaining a demurrer filed by appellee to the petition, an appeal was granted.

It is contended by appellant that the funds of the levee board on deposit in the Bank of Tunica at the time of its failure were protected by section 3485 of the Code of 1906, which reads:

"All money deposited in bank, or with any other depository, by or for a tax collector, or other officer having the custody of public funds, state, county, municipal, or levee board, whether the same be deposited in the name of the officer as an individual or as an officer, or in the name of any other person, is *prima facie* public money and a trust fund, and is not liable to be taken by the general creditors of the officer or by the creditors of the depository."

Counsel for appellant concedes that there is no other statutory law than section 3485 which provides that public money shall be a trust fund, and they further concede that no right of priority is given such funds by the common law. Counsel admit that the question of right to priority of public funds in a state depository has been fully settled in this state by the decisions of the court in the case of *Potter* v. *Fidelity & Deposit Co.*, 101 Miss. 823, 58 So. 713. In that case it was decided that funds

placed by the state in a depository provided by the statute (chapter 96, Laws of Mississippi 1908) are not trust funds within any meaning or purpose of section 3485, Code of 1906.

Counsel claim, however, that the decision in that case will not control here because of a provision, in chapter 97 of the Laws of 1908, being the statute providing for the establishment of depositories for the funds of the levee board, not contained in chapter 96 of the Laws of 1908 establishing the state depositories. The provision referred to is the following sentence in section 3 of chapter 97:

"It is further provided that the creating of this additional security and the acceptance of the collateral hereinbefore mentioned shall not be construed as waiving any rights, benefits, or privileges conferred by law upon the commission in the matter of recovering public moneys or trust funds from banks in which they may be deposited."

We find in the opinion in *Potter* v. *Fidelity & Deposit Co.* a very full and clear discussion of this subject. We quote from the opinion in that case delivered by MAYES, C. J., as follows:

"The law of 1908, in intent and purpose, is the reverse of section 3485 of the Code in every particular, and intended to cover a different state of affairs. It is complete in itself, and furnishes its own measure of legal right. Both laws accomplish an important, but altogether different, purpose. Neither has any bearing on the other, and both may operate at the same time without any conflict. Section 3485 was not repealed. or intended to be repealed, by the laws of 1908. Section 3485 still stands as security, to the state for all deposits of its money made by any person, in case of the insolvency of the institution where the deposit is made, in all cases where any deposit is not made by virtue of its authority as evidenced by the depository law of 1908. But when the state itself disposes of its public funds as is required

by the depository laws, the relation of debtor and cred-
itor is established between the state and the depository
merely, and the state must make its money, in the event
of the insolvency of the depository, out of its securities,
and, failing in this, it must take its place in the line of
general creditors and share the· assets *pro rata* with
such creditors.  When the funds are placed by the state
in the depository, they are not 'trust funds' within any
meaning or purpose provided for by section 3485 of
the Code.''

In the case of *Powell* v. *Board of Supervisors of
Tunica County,* 65 So. 499, we applied the holding of
the court in *Potter* v. *Fidelity & Deposit Company* to a
case where funds were placed in the county depository
in accordance with chapter 194 of the Laws of 1912, and
therein held that section 3485 did not apply to funds
placed in a regularly qualified county depository to the
amount fixed by the board of supervisors when estab-
lishing it, and that only funds on deposit in excess of
such amount would come under the protection of that
section.

We do not see that the provision in chapter 97 of the
Laws of 1908, which we have above quoted, will avail to
render the reasoning and conclusions in the case of
*Potter* v. *Fidelity & Deposit Co.* inapplicable to the case
at bar.  The state, by chapter 97, furnished a way for
the disposition of the levee funds by placing same in de·
positories established according to the statute.  When
money is so deposited, it is in the place made for it by
the statute; it is legally there and is protected in the
way and to the extent provided in the statute.

Section 3485 was intended to protect funds which had
gone out of the actual possession of the legal custodian
and into a bank, not in the way provided by law, but in
a manner which under the statute was unlawful.  There
is no necessity for the operation of section 3485 in cases

where the funds are placed in the manner provided by law in a depository and protected by sufficient security in the statutory way, and there is no reason for the application of the statute to protect funds so deposited. When the commissioners deposited the levee funds in the levee depository, there were no ''rights, benefits, or privileges conferred by law upon the commission in the matter of recovering'' the funds so deposited, by section 3485 of the Code of 1906, for that section is only operative to protect funds placed in a bank without authority of law.

The reasons stated in *Potter* v. *Fidelity & Deposit Co.* for holding that funds deposited in a state depository were not trust funds within the meaning of and protected by section 3485 are to us sufficient to sustain our holding now that the deposits in the levee depository in this case are not trust funds and protected by that statute.

*Affirmed.*