WAINWRIGHT TRUST COMPANY, ADMINISTRATOR *v.*
DULIN, RECEIVER.

[No. 9,396. Filed March 8, 1916.]

1. APPEAL.—*Assignment of Error.—Questions Presented.*—Assignments of error that certain paragraphs of answer did not state facts sufficient to constitute defenses to the action are not recognized by the law and present no question. p. 201.

2. APPEAL.—*Assignment of Error.—Briefs.—Questions Reviewable.*—Where all the propositions of law and authorities cited by appellant in its brief were under headings of error directly challenging the sufficiency of certain paragraphs of answer, and neither the demurrer nor the memorandum accompanying the same, nor either the complaint or answer, were set out on such brief to support the remaining assignment alleging error in overruling the demurrer to appellee's second paragraph of answer, no question was presented. p. 202.

From Hamilton Circuit Court; *Meade Vestal*, Judge.

Action by the Wainwright Trust Company, administrator *de bonis non* of the estate of Nancy A. McDonald, deceased, against John L. Dulin, receiver for the Hamilton Trust Company of Noblesville, Indiana. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Gentry & Campbell*, for appellant.
*Shirts & Fertig*, for appellee.

HOTTEL, J.—On January 13, 1913, The Hamilton Trust Company of Noblesville, Indiana, was appointed administrator of the estate of Nancy A. McDonald, deceased, and qualified and began the administration of the affairs of such estate. On January 22, 1915, the company, while acting as such administrator, was closed by the auditor of State and, on February 22, 1915, appellee was appointed receiver for the company to settle and close up its business. On March 10, 1915, The Hamilton Trust Company, by its receiver, filed its

report and resignation as such administrator, such report showing that it had received cash belonging to the McDonald estate amounting to $773.53 and had paid out the sum of $188.44, leaving a balance, in favor of the estate of $585.09. This report and resignation were approved by the court and appellant was appointed administrator *de bonis non* of the estate and as such demanded from the receiver the sum of $585.09, and payment was refused, whereupon, according to appellant's statement of the nature of the action, "this action was instituted to recover said $585.09 and to establish a preferred claim against the assets in the hands of the defendant" (appellee). There was a complaint in two paragraphs and an answer to each paragraph thereof in three paragraphs, the first of which is a general denial. A demurrer was sustained to the third paragraph and overruled as to the second. Appellant refused to plead further and judgment was rendered against it on each paragraph of its complaint and in favor of appellee for costs.

The errors assigned and relied on for reversal are: (1) The second paragraph of answer of appellee to appellant's first paragraph of complaint does not state facts sufficient to constitute a defense. (2) The second paragraph of answer of appellee to appellant's second paragraph of complaint does not state facts sufficient to constitute a defense. (3) The court erred in overruling the demurrer of the appellant to the second paragraph of the answer of appellee. It is insisted by appellee that no question is presented for our decision by the record or by appellant's briefs herein. Without indicating in detail the several reasons on which appellee bases its contention, it is sufficient to say that neither of the first two errors assigned is recognized by the law and hence presents no question.

All the propositions of law and authorities cited by appellant are cited, either under the heading, "The First Error", or the heading, "The Second Error." Neither the demurrer, nor the memorandum accompanying the same, if any, is set out in appellant's brief. The only reference in the briefs to the demurrer is a statement, twice made, to the effect that the appellant filed a demurrer to the second paragraph of answer on the ground that said paragraph does not state facts sufficient to constitute a defense *to either paragraph of the complaint.* This statement is not borne out by the record. The ground of the demurrer shown by the record is that "neither of said paragraphs state facts sufficient to constitute a cause of defense *to plaintiff's complaint.*" Appellant, under the heading, "The First Error", says, that, "the first error relied on for reversal was raised by the overruling of demurrer to second paragraph of answer to first paragraph of complaint and involves the question of a preference between creditors". Appellant follows this statement with abstract propositions of law and fact with citation of authorities, apparently in support of its contention that the trial court improperly denied a *"cestui que trust* of a trust estate a preference over general creditors when a trust company organized under the laws of the State of Indiana and acting as trustee of trust property, converts such trust property to its own use when such trust company becomes insolvent."

Appellee contends that this question is not presented by the pleadings in the case. Appellant's brief does not set out a copy of either paragraph of the complaint or of the answer, but the statement of the complaint therein made, in so far as it purports to set out what the complaint alleges, justifies appellee's statement. However, whether the plead-

ings present the question indicated is rendered immaterial by the infirmities indicated in appellant's brief. *Quality Clothes Shop* v. *Keeney* (1915), 57 Ind. App. 500, 106 N. E. 541; *Muncie Electric Light Co.* v. *Joliff* (1915), 59 Ind. App. 349, 109 N. E. 433; *Pittsburgh, etc., R. Co.* v. *Farmers Trust, etc., Co.* (1915), 183 Ind. 287, 108 N. E. 108; *Pillsbury, etc., Co.* v. *Walsh* (1915), 60 Ind. App. 76, 110 N. E. 96; *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *Combs* v. *Combs* (1914), 56 Ind. App. 656, 105 N. E. 944; *Holler* v. *State* (1914), 182 Ind. 268, 106 N. E. 364; *Gifford* v. *Gifford* (1915), 58 Ind. App. 665, 107 N. E. 308; §§344, 348 Burns 1914, Acts 1911 p. 415; *Helms* v. *Cook* (1916), 62 Ind. App. —, 111 N. E. 632. These infirmities are such as to prevent a consideration of the merits of the questions attempted to be presented and render unavailable the errors assigned and relied on. The judgment below is, therefore, affirmed.

NOTE.—Reported in 111 N. E. 808. See, under (1) 3 C. J. 1368; 2 Cyc 989; (2) 3 C. J. 1416; 2 Cyc 1017.