WAINWRIGHT TRUST COMPANY v. DULIN, RECEIVER.

[No. 9,935.   Filed April 24, 1918.]

BANKS AND BANKING.—*Insolvent Trust Company.—Claims.—Priority.—Guardianship Funds.*—Upon the insolvency of a trust company organized under §4942 Burns 1914, Acts 1893 p. 344, money received by it in its capacity as guardian is not entitled to preference over claims of general creditors, where it appears that all money received by it, including that received as guardian, was commingled and placed in a common fund, so that no amount received by the trust company as guardian could be traced, except that it became a part of such common fund.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Proceedings in the matter of the receivership of the Hamilton Trust Company. A claim by the Wain-

wright Trust Company, as guardian of Matilda Rouls, filed with the receiver, John S. Dulin, was allowed as a general claim and disallowed as a preferred claim, and claimant appeals. *Affirmed.* ·

*Gentry & Campbell,* for appellant.

*Shirts & Fertig,* for appellee.

HOTTEL, J.—The undisputed facts disclosed by the record necessary to an understanding of the question presented by this appeal are in substance as follows:

In October, 1910, the Hamilton Circuit Court appointed the Hamilton Trust Company, of Noblesville, Indiana, guardian of Matilda Rouls, a person of unsound mind. Said trust company qualified as such guardian and acted as such until in January, 1915, when it was closed as insolvent. It was never required to give and never gave any bond for the discharge of its duties as such guardian. John L. Dulin was appointed and qualified as receiver of said trust company, and as such on March 31, 1915, filed a report and resignation as said guardian for and on behalf of said trust company. In this report he showed that at said time there was due said ward from said trust company, guardian, the sum of $533.46. Said report was approved by the court and said resignation accepted. The appellant Wainwright Trust Company was then appointed and qualified as guardian of said Rouls and thereafter demanded of appellee the payment of said sum shown to be due by said report, viz., $533.46, and such payment being refused, the appellant filed its claim with appellee for the recovery of said funds. The claim is in two paragraphs, the first of which sets out in detail the facts above indicated, and demands judgment for $533.46 with interest, and

asks that such judgment be given preference over the general creditors of the Hamilton Trust Company.

The second paragraph contains in addition to the averments of the first paragraph a further averment that the Hamilton Trust Company converted the assets of said ward, and demands judgment for said sum and interest and ten per cent. damages thereon. The said receiver filed with the court his report of said claim with the recommendation that it be disallowed as a preferred claim and allowed as a general claim, whereupon such claim was docketed on the probate records of the court, where there was a trial and finding for appellee in the sum of $594.28, that said sum should be allowed without preference and should be paid out of the assets in the hands of said receiver pro rata with other general creditors.

There was judgment accordingly. A motion for a new trial filed by appellant was overruled, and this ruling is assigned as error and relied on for reversal. Said motion contains two grounds which respectively challenge the decision of the trial court as not being sustained by sufficient evidence, and as being contrary to law.

In its points and authorities, appellant, in support of the first ground of its motion, "asserts its right to a preference over general creditors upon the fact that the money in question was received by the Hamilton Trust Company in its capacity as guardian under an order of a court of record, * * *," citing §4954 Burns 1914, Acts 1893 p. 344, §11.

While there are other propositions differently stated under appellant's points and authorities, the one just indicated involves the question which appellant seeks to have determined by this appeal, viz.:

Under the facts disclosed by the evidence, is appellant's claim entitled to preference over the claims of the general creditors of said Hamilton Trust Company?

It is suggested by appellee that, inasmuch as there was no exception to the order of allowance and no motion to modify the same, there may be doubt whether said question is presented by the record. However, appellee expresses a desire that said question shall be decided, and calls attention to the fact that a former appeal by appellant resulted in a failure to obtain the decision of said question. See *Wainwright Trust Co.* v. *Dulin, Rec.* (1915), 61 Ind. App. 200, 111 N. E. 808.

We will therefore proceed to a determination of said question without discussing or determining whether it is properly presented by the record. Upon the trial the parties agreed to certain facts. In addition to the facts already indicated, such agreement shows, among other things, the substance of the contents of three separate reports made by said Hamilton Trust Company, guardian, including its final report and resignation before referred to, and in each of said reports said guardian charged itself with an item of interest on account to date received from said trust company. Other facts contained in such agreed statement are as follows:

"The Hamilton Trust Company during practically all its existence, engaged extensively and generally in the business of receiving deposits of money, checks, or drafts, from its patrons, and paying out money upon checks drawn upon it by its patrons against such deposit accounts. * * *

All sums of money received by said Company

from its patrons, including all sums received in its fiduciary capacity as guardian, administrator, executor or receiver, and all sums received as profits or earning of said Company, were commingled by said Company, and were paid out in such a way that any balance remaining due to any particular patron or fiduciary trust could not be identified. The funds received by said Company as guardian for Matilda Rouls cannot be identified or traced to any particular fund, property or security by said Trust Company except that such funds were received by said Trust Company as guardian, and became a part of the general fund of said Trust Company. After the deposit in said general fund of said trust funds on the account of the guardianship of said Matilda Rouls, said Hamilton Trust Company continued to add various deposits made by its various patrons to such general fund, and continued to withdraw money from such general fund in payment of checks drawn by its patrons against deposits made by them with said Company, and continued to withdraw money from such general fund in payment of the obligations of said Trust Company. The total amount of deposits made with said Company and added to such general fund, after the deposit of said trust funds, would greatly exceed the amount in said general fund at any one time. The total amount of the checks drawn against said general fund and paid out of said general fund, after the deposit of said trust funds, would greatly exceed the amount of money in said general fund at any one time. At and prior to the time said Trust Company closed its

doors as insolvent, it was acting as guardian for a large number of minors and other persons incapable of managing their estates, under appointment of said Hamilton Circuit Court, and was also acting as administrator and receiver of other estates under appointment of said Hamilton Circuit Court, and there was then due from said Trust Company, in its fiduciary capacity to said several estates and wards, a large sum of money, viz., about $9000.00, which had been entered as ledger deposits and commingled in like manner as said Rouls funds;     *     *     *.

"Said Trust Company carried the account of said ward, Matilda Rouls, on the ledger of said Company, in which was kept the commercial deposits of its general patrons, in the name of 'The Hamilton Trust Company, Guardian, Matilda Rouls.' All sums of money received by said guardian were credited on said account, and all moneys expended by said Company as such guardian were charged against such account. Said Company, by order of its Board of Directors, allowed and paid to its patrons interest upon time and savings deposits of four per cent. per annum, and also allowed interest at the same rate to the estates and wards who had money in the Hamilton Trust Company; and on October 7, 1914, allowed interest to the estate of its ward Matilda Rouls at that rate to that date. No interest has been accounted for by said Company on said ward's funds since October 7, 1914; *     *     *     The liabilities of said Trust Company, other than those on account of funds received by it in a fiduciary capacity were, at the time it was

closed, approximately two hundred thousand dollars, and its total assets, of every character, including stockholders' liability, of the gross value of approximately one hundred thousand dollars.''

It also appears that said trust company, when it was closed by the auditor of state as insolvent, then had on hand in cash the sum of $300.

It appears from this agreement that all sums of money received by said trust company, including those received in its fiduciary capacity as guardian, administrator, executor, receiver, or from whatever source and in whatever capacity, as well as all its profits and earnings, were commingled and placed in a common fund, so that no amount received by said trust company as the former guardian of appellant's ward could be traced to any particular fund, property or security of said trust company, except that they became a part of its general fund. These facts make the following language of the court in the case of *Fletcher* v. *Sharpe* (1886), 108 Ind. 276, 9 N. E. 142, pertinent and applicable: ''This is a case in which trustees, with others, have become general depositors in a bank which has become insolvent, and whose assets are now in the hands of a receiver for distribution among all its creditors according to law. The question is, do persons who become general depositors of trust funds in such manner as to create the relation of debtor and creditor between themselves and the bank in which the funds are deposited, stand upon a different level from other depositors? * * * When deposits are received, unless they are special deposits, they belong to the bank as a part of its general funds, and the relation of debtor and creditor

arises between the bank and the depositor. This is equally so whether the deposit is of trust moneys, or funds which are impressed with no trust, provided the act of depositing is no misappropriation of the fund. If in receiving a trust fund a bank acted with knowledge that it was taking the fund in violation of the duty of the trustee, the rights of the cestue que trust might be different. In respect to such a case, we decide nothing here.

"In this case, where no impropriety is imputed to the bank in receiving the money, it became the debtor of the petitioners, and its debt to them was of the same character as its debt to any other depositor, and must be paid in the same proportion. The rights of other creditors stand on a level with those of the petitioners, and are to be guarded and protected by the court with the same vigilance." See cases there cited.

The facts in the instant case are in all material respects substantially the same as the facts in the case just quoted, except that in the instant case the funds were deposited in a trust company created under said special act providing for the organization of trust companies, being §4942 *et seq.* Burns 1914, Acts 1893 p. 344. It follows that the case cited is controlling of the question here presented unless there is some provision in said act which furnishes a ground for a different conclusion.

As before indicated, appellant cites and seems specially to rely on §§4954, 4960 Burns 1914, *supra;* but we are unable to find anything in either of these sections, or in any other section of said act, which gives or evidences an intention on the part of the legislature to give preference to any class of deposit-

ors, fiduciary or otherwise, which deposits funds with companies organized under said act. Indeed, we think the contrary intent is at least inferable when the act is read in its entirety and considered and interpreted in the light of similar acts in other jurisdictions.

The courts of New York under the provisions of an act in many respects similar to ours hold that certain trust deposits are preferred. *Henkel* v. *Carnegie Trust Co.* (1914), 213 N. Y. 185, 107 N. E. 346; *Madison Trust Co.* v. *Carnegie Trust Co.* (1915), 215 N. Y. 475, 109 N. E. 580.

The preference recognized in these decisions is expressly based upon and limited to the class of trust funds to which preference is given by the following provisions of said act: Banking Law §190. "* * * No bond or other security, except as hereinafter provided, shall be required from any such corporation for or in respect to any trust, nor when appointed executor, administrator, guardian, trustee, receiver, committee or depositary. * * * *If dissolved by the Legislature or the court, or otherwise, the debts due from the corporation as such executor, administrator, guardian, trustee, committee or depositary shall have the preference.*" (Italics inserted.)

The absence of a provision in our statute like or similar to that above italicized is significant, and in view of its absence the grounds upon which the New York cases are made to rest, as well as the general principles recognized and expressed therein, make them authority for our conclusion in this case. Said act, when read in its entirety, clearly indicates that all general deposits and balances are placed on an equality and constitute a common fund to be used by

such company in its general business. This is especially true as to said provision requiring such company to pay three per cent. interest on all trust funds not specifically invested.

Under the facts of this case, there being no statute to the contrary, equity would place appellant on an equality with the other creditors of said trust company. *Lippitt* v. *Thames Loan, etc., Co.* (1914), 88 Conn. 185, 90 Atl. 369. See, also, *Board of Levee Comr's* v. *Powell* (1915), 109 Miss. 154, 68 South. 71; *Young* v. *Teutonia Bank, etc., Co.* (1914), 134 La. 879, 64 South. 806; *Potter* v. *Fidelity, etc., Co.* (1911), 101 Miss. 823, 58 South. 713.

For the reasons indicated, we hold that no error resulted from the action of the trial court in overruling appellant's motion for a new trial, and that therefore the judgment below should be affirmed.

DISSENTING OPINION. ·

DAUSMAN, J.—I respectfully dissent from the opinion in the above entitled cause.

NOTE.—Reported in 119 N. E. 387.