## RANSBURG *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL.

[No. 10,029.   Filed November 6, 1919.]

1. APPEAL.—*Review.—Ruling on Demurrer.—Failure to Set Out Memorandum to Demurrer.*—The court on appeal cannot review the action of the trial court in overruling a demurrer to a plea in abatement where no memorandum to the demurrer is set out. p. 305.

2. PRINCIPAL AND SURETY.—*Action on Fidelity Bond.—Necessary Parties.—Defrauding Employer.—Jurisdiction.—Statute.*—Where a bonding company, maintaining an office and agency in the State of Indiana, executed a fidelity bond in the State of Ohio wherein it agreed to reimburse assured for any loss sustained by fraud or dishonesty of named employes in that state, and such employes embezzled funds of assured, the bonding company, a nonresident, could .not, in view of §4798 Burns 1914, Acts 1901 p. 375, providing for service on such companies, defeat an action on the bond, brought in the State of Indiana, on the ground that, as the defrauding employes, principals in the bond, were primarily and essentially liable, and defendant bonding company had an office in Ohio, and as such employes had never been residents of Indiana, territorial jurisdiction was dependent on the residence of the principals immediately liable, so that the Indiana court, in the absence of such principals, who had been notified of the action by publication and failed to appear, would not have jurisdiction in a suit against the surety alone.  p. 308.

3. PLEADING.—*Admissions.—Failure to Deny Allegations of Complaint.*—In an action against a foreign company on a fidelity bond, where the complaint alleged that defendant was maintaining an office and agency in the State of Indiana, it is admitted by failure to deny that defendant was authorized to transact business in the state, and that process might be served upon its authorized agent, as provided in §4798 Burns 1914, Acts 1901 p. 375.  p. 309.

4. INSURANCE.—*Foreign Guaranty Company.—Actions Against.—Jurisdiction of Court.*—Where a foreign bonding company maintains an office and agency in the State of Indiana, it is, under §4798 Burns 1914, Acts 1901 p. 375, subject to process served in actions begun in Indiana, relating not only to business within the state, but also growing out of other matters as well.  p. 309.

5. REFORMATION OF INSTRUMENTS.—*Fidelity Bond.—Action for*

*Reformation.—Necessary Parties.*—In an action to reform a fidelity bond, employes who signed the bond as principals are necessary parties. p. 310.

6. JUDGMENT.—*Validity.—Reformation of Bond.—Service by Publication.*—Where two of plaintiff's employes, who signed a fidelity bond as principals, embezzled funds belonging to plaintiff, and he brought action on the bond against the surety company wherein he also sought reformation of the bond, where the employes were made parties and duly notified of the action by publication, such service will authorize a judgment against them reforming the instrument, though it will not support a personal judgment. p. 310.

From Marion Superior Court (100,527); *V. G. Clifford,* Judge.

Action by Harper J. Ransburg against the United States Fidelity and Guaranty Company, and others. From a judgment for the defendant named, the plaintiff appeals. *Reversed.*

*Frank S. Roby, Charles Mendanhall* and *J. Burdette Little,* for appellant.

*Pickens, Moores, Davidson & Pickens,* for appellees.

NICHOLS, P. J.—This was an action in the Marion Superior Court by the appellant against the appellee upon a guaranty insurance bond issued to him by appellee, agreeing to reimburse him for any loss sustained by fraud or dishonesty of his employes, Moberly and Windle, both of whom were made defendants but not served by process unless by publication, and neither of whom appeared. There is a plea in abatement challenging territorial jurisdiction, to which demurrer was filed and overruled; but as no memorandum to the demurrer is set out, we cannot consider the court's ruling thereon. *Wainwright Trust Co.* v. *Dulin* (1916), 61 Ind. App.

200, 111 N. E. 808; *Keeley* v. *Bradford* (1916), 62 Ind. App. 683, 113 N. E. 748.

The only other error presented is that the court erred in its conclusions of law.

It appears by the findings of fact that appellee was a corporation organized under the laws of the State of Maryland, and was on January 9, 1915, and continuously since has been, qualified to do business in the State of Ohio, and on said date had, and continuously since has been maintaining, an office and agency in the city of Toledo, Ohio, and also in the city of Indianapolis, Indiana, which offices were being maintained at the time of the commencement of this action. Moberly and Windle at said time were residents of the State of Ohio, and at the time of the commencement of this action were nonresidents of Indiana. On January 9, 1915, appellant was, and ever since has been, a resident of the city of Indianapolis, Indiana.

Appellant's action was based on the execution of a certain bond, which was made a part of the complaint, and which was executed by Moberly and Windle as principals, and appellant as surety on January 9, 1915, at the city of Toledo, Ohio, and was to cover certain liability of principals therein to appellant arising out of a certain agreement as of that date, which was executed in the city of Toledo, and which was made a part of the complaint. On October 28, 1915, appellant filed an affidavit that he did not know the present residence of said defendants Moberly and Windle, and thereby procured an order of publication of notice to be had to said defendants as nonresidents of the state, returnable January 3, 1916, and requiring said defendants to appear and answer on

that date. Neither of them did appear on that date, nor thereafter, nor has any process been served upon them other than said publication. Summons was duly served on appellee, who entered its appearance by its attorneys and thereafter filed said plea in abatement. Appellant's claim is unliquidated, undetermined and disputed by defendants. No adjudication has ever been had as to appellant's claim, either in Ohio or Indiana, nor has any action been filed against defendants in any jurisdiction, other than this action.

The first paragraph of complaint charges, among other things, that defendants Moberly and Windle appropriated and converted to their own use and embezzled property and funds of the appellant, and asks damages against each of the defendants by reason thereof. The second paragraph charges the same thing, and in addition thereto charges the mistake of the scrivener who drew the bond, both in omissions and erroneous expressions, and prays, in addition to the judgment, that the bond be reformed as against each and all of the defendants to express the true and correct intention of the parties. The court states as its conclusions of law: ''(1) That none of the defendants were residents of Marion county, Indiana, or of the State of Indiana at the time the action was commenced. (2) That the venue or territorial jurisdiction in this case is dependent upon the residence of the defendants immediately and primarily liable. (3) That the law on the issues in abatement is with the defendant. Judgment accordingly that the action abate against the plaintiffs, and for costs.''

Appellant properly excepted to each conclusion of law and now, after motion for a new trial was overruled, prosecutes this appeal.

Appellee contends that the territorial jurisdiction in this case is dependent upon the residence of de-fendants immediately liable, and that as Mo-berly and Windle were the principals on the bond and primarily and immediately liable to appellant, and as appellee had a branch office in Toledo, Ohio, the suit cannot be maintained in Indiana. Appellee contends that the Marion Superior Court, in the absence of the principals, has no jurisdiction in the suit against the surety or guarantor alone. It will be observed from the findings of fact that, while on January 9, 1915, defendants Moberly and Windle were residents of the city of Toledo, Ohio, at the time of the commencement of this action, the court only finds that they are nonresidents of the State of Indiana, and that appellant by his affidavit for publication stated that their residence was unknown to him. If we agree with appellee's contention, we must cast upon the appellant, before he can maintain his action against the appellee, the burden of locating the defendants Moberly and Windle so that he may bring this action in the jurisdiction in which he is able to find them. So far as appears by the record, they may have been, at the time of the commencement of the suit, residents of some foreign country, and one of them may have been in one jurisdiction and the other in another. It appears from the complaint that Moberly and Windle had appropriated and converted to their own use and embezzled property belonging to the appellant to the value of $1,401.11. It is not uncommon that acts such as charged in the complaint are followed by the absconding of the parties guilty thereof, and that under such circumstances the guilty party purposely conceals his whereabouts. It ap-

pears that the bond in suit must have been executed to meet just such exigencies, as it was to reimburse the appellant for any pecuniary loss sustained because of the fraud or dishonesty of Moberly and Windle. To say that under such circumstances the appellant must be compelled to sue the principals of the bond at such place as he may be able to locate them before he can have any right of action against the surety is practically to nullify the purpose of the bond. With this view of the law we cannot agree. It is provided by §4798 Burns 1914, Acts 1901 p. 375: "That every insurance company chartered, organized or incorporated in any other state or nation and now or hereafter doing business in the State of Indiana, shall be subject to the process of the courts of this state in any action, suit or other legal proceeding, relating to or founded upon, any claim or demand of any character whatsoever, held or asserted against said company by any citizen of the State of Indiana; and process against said company shall be served in the manner provided by existing laws."

It is a part of the findings of fact that appellee was maintaining an office and agency in the city of Indianapolis, and it is admitted, by failing to deny, that it had been authorized to transact business in Indiana and that process could be served upon its authorized agent. *Rush* v. *Foos Mfg. Co.* (1898), 20 Ind. App. 515, 51 N. E. 143. Under the statute appellant is liable to be sued and served in the courts of Marion county, where it is maintaining an office and agency, and not merely in actions which relate to business done within the state, but in actions growing out of other matters as well. *Rush* v. *Foos Mfg. Co., supra; Globe,*

*etc., Ins. Co.* v. *Reid* (1898), 19 Ind. App. 203, 47 N. E. 947, 49 N. E. 291. In the case of *Hall* v. *Suitt* (1872), 39 Ind. 316, it was held that the indorser, as well as the maker, of a promissory note was immediately liable to the holder, and we can see no reason why this principle should not apply to the bond in suit. To the same effect see *Keiser* v. *Yandes* (1873), 45 Ind. 174.

By the second paragraph of complaint appellant seeks to reform the bond, and appellee contends that such action cannot be maintained without making Moberly and Windle parties thereto. In this contention we hold that appellee is correct. *Durham* v. *Bischof* (1874), 47 Ind. 211; *Keister* v. *Myers* (1888), 115 Ind. 312, 17 N. E. 161. In this action Moberly and Windle seem to have been made parties, and from the findings of fact we learn that an effort was made to bring them into court by publication of notice. So far as the record shows, however, there was no order-book entry made of such order of the publication, or of the proof of such notice; nor does it appear by the record that said Moberly and Windle were ever defaulted; if duly notified by publication, they should be defaulted and a proper record made thereof, in order that they may be bound by the proceedings to reform the instrument. This will authorize a judgment against such defaulted defendants, reforming the instrument, but will not authorize a personal judgment against them. We hold that the Marion County Superior Court had jurisdiction of the action.

The judgment is reversed, with instructions to the trial court to restate its conclusions of law in harmony with this opinion, and to enter judgment on the

plea in abatement accordingly in favor of appellant, and for further proceedings not inconsistent with this opinion.