## WEBSTER v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 7303.

Circuit Court of Appeals, Fifth Circuit.
June 16, 1934.

Chester L. Sumners, of Corinth, Miss., for appellant.

W. C. Sweat, of Corinth, Miss., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

For some time before it failed, Meeks, sheriff and tax collector of Alcorn county, Miss., had been carrying his current account with appellant bank, the duly designated depository of the county. On October 24, 1931, the account was overdrawn $262.21, but collections coming in steadily thereafter, on November 19, when the bank closed it showed a credit balance of $7,074.45. Meeks being unable to settle with the county, appellee, his surety, did so, and as equitable and conventional subrogee, brought this suit against the receiver, claiming the deposits as trust funds.

Another of the many controversies which have recently arisen involving accounts of sheriffs and tax collectors in failed national banks in Mississippi, this suit presents only one new point for decision, whether section 2914, Mississippi Code 1930, undertakes to and does in effect prohibit and make wrongful deposits of sheriffs' and tax collectors' current accounts in banks, and therefore true trust funds, or whether it merely undertakes to and does, as to state banks, effect a preference for this kind of public deposits in liquidation proceedings, by charging all the assets of the bank with a general preferential lien.

In Leflore County v. First Nat. Bank (C. C. A.) 66 F.(2d) 9, and Coahoma County v. Mississippi Fire Ins. Co. (C. C. A.) 68 F.(2d) 489, controversies between the county and sheriff on the one hand, and sureties on the other, we have had occasion to consider and discuss the nature and characteristics of deposits of this kind. We held there that while funds deposited in the sheriff's personal account were, until covered into the depositories as county funds, in his exclusive possession and control, they were essentially not private, but public funds. In Gulley v. Wisdom (C. C. A.) 69 F.(2d) 495, 496, a suit by a tax collector to establish a preferential lien or priority upon the assets of a failed national bank, we canvassed and discussed, but we did not decide, the question this case presents. We did not decide it because we found that the case failed for another reason, the complete failure of the proof to point out any identifiable trust res. Shields v. Thomas, 71 Miss. 260, 14 So. 84, 42 Am. St. Rep. 458; First National Bank of St. Petersburg v. City of Miami (C. C. A.) 69 F.(2d) 346; Pottorff v. Key (C. C. A.) 67 F.(2d) 833. Here there was a sufficient tracing.

The District Judge allowed appellee's claim in principle, but for only a part of it. He found, on evidence which sustained his finding, except as to items aggregating $42.-50, as to which there was no identifying proof, that only $4,195.66 of deposits in the bank were in the hands of the receiver in identifiable form. He limited the recovery to that amount. The receiver alone appeals. His main point is that the deposits were not wrongful and therefore were not trust funds,

and that by the decree the preference in the distribution of assets, which the Mississippi statute does effectively give public deposits in the distribution of failed state banks, is made effective as to failed national banks too, in direct violation of section 194, 12 USCA. Gulley v. Wisdom, supra. He claims also that if the deposits were wrongful and trust funds, the analysis the court made of the sheriff's account, as shown by the books and records of the bank in determining that deposits were traced into the receiver's hands in identifiable form, is erroneous in several particulars.

 Except for the small amount of $42.-50 mentioned above, we do not agree with the receiver that there was any error in tracing. We do agree with him, though, on his primary point. We think the court erred in holding that the sheriff's deposits were wrongfully made and were therefore not deposits, but trust funds. We think it plain that the Mississippi law does not prohibit sheriffs and tax collectors from depositing their funds in banks. It encourages—indeed, it impliedly requires—them to do so not only for the convenience and security such depositing affords, but for the interest the public earns thereby.

In Adams v. Williams, 97 Miss. 113, 52 So. 865, 30 L. R. A. (N. S.) 855, Ann. Cas. 1912C, 1129, a suit to hold the treasurer and his sureties for interest collected from the bank in which he had deposited his funds, the legality and propriety of such depositing was affirmed, its illegality definitely rejected.

"There is no statute prohibiting the treasurer from depositing the funds in a bank, nor was there any statute prohibiting his contracting for interest, provided he had done what he ought to have done, contracted for the interest to be paid to the levee board, which owned the money. The treasurer, in depositing the money in the bank, deposited it by virtue of his office, under authority of his office, and was fully within the right and law of his office, in so doing." 52 So. at page 870.

Twelve years later by express statute, chapter 174, Laws of 1922, banks were required to pay interest on taxes deposited with them by sheriffs and tax collectors, and to pay this interest quarterly into the county treasury. The Mississippi statute, section 2914, Mississippi Code 1930, originally section 3485, Code of 1906, relied on as prohibiting these deposits, and therefore making them wrongful and trust funds, does not do so at all. It is neither in language nor in spirit a statute of prohibitions. It is a statute of recognitions and affirmations. It recognizes and confirms the practice of sheriffs and tax collectors to deposit their funds in banks. It attempts to establish, and as to state banks provides the machinery for making effective, a general preference in the liquidation of failed banks in favor of public funds. It is a prerogative statute in the interest of the public, enacted after and apparently because of Shields v. Thomas, 71 Miss. 260, 14 So. 84, 42 Am. St. Rep. 458, in which in the absence of statute the prerogative right claimed was denied. Its purpose, and as construed by the Mississippi courts its effect, is to do away with the necessity of tracing, implicit in the trust fund theory, and to substitute for the right to follow funds deposited contrary to law, if they can be traced, a general preference right in favor of the public on all the bank's assets, thus securing public deposits in liquidations, and impliedly authorizing them to be made. Commercial Bank v. Hardy, 97 Miss. 755, 53 So. 395; Green v. Cole, 98 Miss. 67, 54 So. 65; Board of Levee Commissioners v. Powell, 109 Miss. 415, 69 So. 215; United States F. & G. Co. v. Village of Bassfield, 148 Miss. 109, 114 So. 26. It is, we think, plain enough on the face of the statute, which contains not only general provisions for security, but as to state banks detailed provisions for their administration when they have failed, that the preference it accords is grounded not on the unlawfulness, but on the lawfulness of the deposits. The statute looks to, it deals with, a situation caused not by occasional and sporadic wrongful deposits by public officers, but by the general, the recognized practice of doing so, which is thus countenanced and provided for. What, if anything, the statute lacks in making this clear the Mississippi courts by their decisions have supplied. Board of Levee Com'rs v. Powell, 109 Miss. 415, 69 So. 215, decided in 1915 before the interest statute was passed, is peculiarly instructive. There, on rehearing granted after the majority had, in 109 Miss. 154, 68 So. 71, 73, denied the preference on the ground that section 3485, Code of 1906, now section 2914, Code of 1930, "is only operative to protect funds placed in a bank without authority of law," the Supreme Court of Mississippi, upon full consideration, declared that this was not so. In its discussion of the point it said: "It is now contended that section 3485 applies only when the funds in question are deposited in a manner which under the statute was unlawful; in other words, it is contended by counsel in this case that before the enactment of the present depository law it was unlawful for the treasurer of the levee board

to deposit his funds in any bank, and that the old statute can in no wise apply now, because the Legislature has provided a lawful place for depositing the levee funds. This, in our judgment, is simply an effort to reason away the statute, and in the face of the statute. It has never been unlawful in Mississippi for a public officer to deposit public funds in a bank; no more so than it has been unlawful for him to deposit such funds under the floor of his dwelling house. On the contrary, the enactment of section 3485 recognized the growing custom of officers to make use of banking establishments; and the first pronouncement of this court in Fogg v. Bank [80 Miss. 750, 32 So. 285], supra, does not characterize such a deposit as unlawful. * * * The lawmakers, by section 979, Code 1906, in reference to county treasurers, by requiring in the alternative 'a certified statement of deposit in a solvent bank in the state, verified by the oath of an officer thereof' recognized the common practice of depositing county funds in banks. In fact, the very enactment of all the depository laws in our state was induced by the growing custom of permitting banks to handle the public funds in such way as to swell their deposit accounts and to profit thereby." 69 So. 215, 217.

Twelve years later the court, in United States F. & G. Co. v. Village of Bassfield, 148 Miss. 109, 114 So. 26, upon a full examination of the law, held that a county treasurer had the right to deposit county funds in a bank, although it had not qualified as a county depository. Said the court, citing the leading Mississippi cases: "This statute, in effect, has been construed by our court in numerous cases to hold that deposits of public moneys create a trust fund for the benefit of the public, and that a charge is impressed on all the assets of the bank for the payment thereof; this charge extending to and covering property acquired and paid for by the bank prior to the date of the deposit of the public funds in preference to judgment creditors of the bank." 114 So. 26, 29.

Referring particularly to Board of Levee Com'rs v. Powell, supra, the court pointed out that it had been definitely held that section 3485 was not a statute of prohibitions, but of protections; not a penalty statute for the wrongful deposit of public funds, but a security statute for the protection of funds rightfully deposited under its implied authority. It points out with approval how explicitly the court had there rejected the view that the preference given by the section did not extend to levee board funds, because they had been lawfully deposited in the very bank in which the statute had required that they be placed, and had declared them additionally secured by its provisions. In final summation of the legislative policy the statutes in question evidence, the court said: "These statutes indicate the trend of the legislative mind, and the cases construing the statute reflect the solicitude of this court to give full force and effect to the clearly defined legislative policy. Manifestly, this policy is to secure the public interest first; and, in order to so protect it, all deposits of public moneys are declared trust funds and are given preference over all other creditors of the bank." 114 So. 26 at page 30.

Valid as this purpose is when applied in and limited to the liquidation of state banks, it cannot be given effect in the liquidation of national banks. To do so would be to create an illegal preference not permitted under the national banking acts. Not a statute of prohibitions, but of preferences, section 2914 does not operate to make the funds in question trust funds; the District Judge erred in holding that it did. Appellee should have been allowed a general, not a preference claim.

The decree is reversed, and the cause remanded, for further proceedings not inconsistent herewith.